UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTONIO PATTERSON, #71951-019                                              PETITIONER

VERSUS                                           CIVIL ACTION NO. 3:23-CV-204-TSL-RPM

WARDEN UNKNOWN BOULET                                                      RESPONDENT

## REPORT AND RECOMMENDATION

Before the Court is Respondent Warden Boulet's Motion to Dismiss for Mootness. Doc. [9]. On March 21, 2023, Petitioner Antonio Patterson, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Doc. [1]. Petitioner claimed that the Federal Bureau of Prisons incorrectly calculated the "Violent Offense (PATTERN)" score on his First Step Act Recidivism Risk Assessment. Doc. [1] at 7; Doc. [1-3]. Petitioner requested immediate release. Doc. [1] at 8.

Since this Petition was filed, Respondent has advised the Court that Petitioner has been granted compassionate release under 18 U.S.C. § 3582(c)(1)(A) and was released from federal custody on May 1, 2023. Doc. [9] at 1; Doc. [9-2]. Because Petitioner has been granted compassionate release and is no longer in federal custody, Respondent states that the Petition is now moot and should be dismissed for lack of subject-matter jurisdiction. Doc. [9] at 2.

Indeed, Petitioner's release from federal custody rendered his Petition moot. *See Warren v. Martinez*, No. 2:22-cv-06173, 2023 WL 2997862, at *1 (W.D. La. Mar. 22, 2023) ("[P]etitioner's contentions are now moot because he has been granted compassionate release and has been released from custody."). "An action is moot 'when the court cannot grant the relief requested by

---

[1] The Petition named Warden Boulet as Petitioner's custodian. Therefore, the United States Department of Justice was removed as a Respondent, and Warden Boulet was added as a Respondent. Doc. [4].

the moving party.'" *Id.* (quoting *Salgado v. Fed. Bureau of Prisons*, 220 Fed. App'x 256, 257 (5th Cir. 2007)). "A moot case 'presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents.'" *Id.* (quoting *Adair v. Dretke*, 150 Fed. App'x 329, 331 (5th Cir. 2005)).

Nevertheless, the Fifth Circuit recognizes an exception to this rule: "the district court may alter [a petitioner's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, prevent[ing] [his] petition from being moot." *Id.* (quoting *Herndon v. Upton*, 985 F.3d 443, 447 (5th Cir. 2021)). But this exception applies "only when the habeas court itself has the authority to alter the period of supervised release." *Id.*; *see Herndon*, 985 F.3d at 447 ("[O]nly the sentencing court has authority to modify the terms of a prisoner's supervised release. Thus, the [habeas court]—unlike the sentencing court—cannot offer [petitioner] any further relief."). Here, Petitioner's sentencing court, the Northern District of Georgia, is the only court with the authority to modify his terms of supervised release. Doc. [10] at 4.

Finally, Petitioner has filed neither a response to Respondent's motion nor a notice of change of address since his release.[2] Therefore, the undersigned believes dismissal is warranted under these circumstances.

## RECOMMENDATION

The undersigned recommends that Respondent Warden Boulet's [9] Motion to Dismiss for Mootness be granted and that Petitioner Antonio Patterson's Petition be dismissed without prejudice.

---

[2] Petitioner's mail, sent to his address of record, was returned "Undeliverable" on August 7, 2023. Doc. [7].

2

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 19th day of October 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE